OPPENHEIM, Appellant, v. MORDECAI et al., Respondents. (Supreme Court, Appellate Term. October, 1901.) Action by Milton E. Oppenheim against Allen S. Mordecai and others. B. Tuska, for appellant. Simpson & Werner, for respondents.

GILDERSLEEVE, J. The defendants are real estate brokers. In September, 1900, they attempted, as such brokers, to loan money on the security of a first mortgage on the property at One Hundred and Fourteenth street and Seventh avenue. The owners of the property desired $120,000, and the Germania Life Insurance Company, for whom the defendants were negotiating, was unwilling to loan more than $107,500 upon the premises in question.

The defendants requested plaintiff to endeavor to induce the owners to accept a loan of $107,-500. Plaintiff agreed, and it was understood that if he procured the consent of Sieth & Glen, the owners, to the acceptance of a loan of $107,500 from the Germania Life Insurance Company, and to the payment of 2 per cent. commissions and disbursements to the defendants for their services as such brokers, he (plaintiff) was to receive $400; but, if he failed, he was to receive nothing. The defendant Allen Mordecai swears that "after two or three weeks Mr. Oppenheim came in and said he could not do anything with $107,500, and wanted more money, but I said that was the ultimatum, $107,500"; that thereafter he called the plaintiff up on the telephone, and asked him if he (plaintiff) could do anything with $107,500; and that the plaintiff replied, "No, the matter is in the hands of the trustee, and $110,000 cannot be accepted, nor $112,000. They want $115,000. I cannot do anything with the loan." The defendant then said, "Our negotiation is off." The plaintiff said, "All right." The defendants then took the matter into their own hands, and procured the desired placement of the money. The plaintiff claims that the owners agreed to take $107,-500, because they secured some further loan from a second mortgage which the plaintiff had been instrumental in bringing about. This claim of the plaintiff's contribution to the matter is disputed by the defendants. Upon this conflict of proof the justice found for the defendants. There seems to be sufficient evidence to support the view taken by the justice. The terms of the contract entered into by the parties seem to be practically undisputed. We think it may fairly be said that the contract under which, when completed, the plaintiff was to receive $400, was never performed. There are some objections urged by the appellant based upon the admission and exclusion of evidence. The case was tried by the justice without a jury, and the alleged improper evidence cannot be said to offer sufficient grounds for a reversal. The judgment should be affirmed with costs. Judgment affirmed, with costs. All concur.